IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LUKE RICHARDS,

                Plaintiff,

      v.                                 No. 17-4080-SAC

BRAD SCHOEN, in his individual and
official capacities as Director of the
Riley County Police Department,

                Defendant.

MEMORANDUM AND ORDER

      The case comes before the court on the defendant Brad Schoen's ("Schoen's") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) all claims alleged against him in his individual capacity. ECF# 11. These claims include count one--Title VII of the Civil Rights Act, count two—Americans with Disabilities Act, and count three—Family and Medical Leave Act ("FMLA"). The plaintiff Luke Richards ("Luke") responds opposing dismissal only of the FMLA claim. ECF#12. Against this claim, the defendant Schoen argues that a public official does not meet the statutory definition of "employer" and that he is entitled to qualified immunity because the complaint fails to allege what Schoen specifically did to violate the FMLA and because the individual FMLA liability of public officials is not clearly established. ECF#12, pp. 5-8. The plaintiff Luke observes the circuit courts addressing individual FMLA liability of supervisory public officials are divided with the Tenth Circuit having yet to rule on the issue. Nonetheless, the plaintiff Luke observes that more circuit and district courts have

held that public officials meet the statutory definition of employer. The plaintiff Luke reads into his complaint Schoen's FMLA violations and disputes the applicability of qualified immunity based on the statutory definition of "employer." In reply, the defendant Schoen argues for the first time that he is not an "employer" under the economics reality test. The defendant has waived the court's present consideration of this issue by waiting until his reply brief to raise it. *White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017) (Issues raised for the first time in a reply brief are deemed waived). The defendant also replies repeating his original position and calling for the court to follow the holding of *Arbogast v. Kansas*, 2014 WL 1304939 (D. Kan. Mar. 31, 2014), that a public official sued in his individual capacity is not an employer liable under the FMLA.

**Standard for 12(b)(1) Dismissal**

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal of a claim for lack of subject matter jurisdiction. The burden to establish the existence of federal jurisdiction rests with the party invoking it. *Kansas by and through Kansas Department for Children and Families v. SourceAmerica*, 874 F.3d 1226, 1240 (10th Cir. 2017). Because the defendant Schoen is making a facial attack on the sufficiency of the complaint's allegations of subject matter jurisdiction, ECF#12, p. 3, the court accepts the allegations in the complaint as true. *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017). Being courts of limited jurisdiction, federal courts regard subject matter jurisdiction to be "elemental" and to be "established in every

cause under review in the federal courts." *Id.* (internal quotation marks and citations omitted).

**Standard for 12(b)(6) dismissal**

The Tenth Circuit in *Safe Streets* recently summarized the applicable standard:

> "A pleading is required to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)). "We accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the" plaintiff. *Id.* (quoting *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013)). We then "determine whether the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.' " *George* [*v. Urban Settlement Servs.*], 833 F.3d [1242] at 1247 [(10th Cir. 2016)](quoting *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014)).
>
> "In determining the plausibility of a claim, we look to the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard [does not] require a plaintiff to 'set forth a prima facie case for each element.'" *Id.* (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1192–93 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). But "mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Id.* at 1214 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Thus, a "claim is facially plausible if the plaintiff has pled 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *George*, 833 F.3d at 1247 (quoting *Hogan*, 762 F.3d at 1104, which in turn quotes *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

859 F.3d at 878. Thus, a Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, and the relevant inquiry is whether the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3

**Analysis**

The defendant Schoen, in his individual capacity, seeks dismissal of plaintiff's FMLA claim pursuant to Rule 12(b)(1), arguing the court lacks subject matter jurisdiction, because he is not an employer subject to liability under this federal statute. *See Wascura v. Carver*, 169 F.3d 683, 687 (11th Cir. 1999) (citing *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 608 (6th Cir. 1998), [*abrogated by, Thomas v. Miller*, 489 F.3d 293, 297-98 (6th Cir. 2007)] and agreeing with the Sixth Circuit that when a defendant does not meet the statutory definition of "employer" the court lacks subject matter jurisdiction over that claim against the defendant). The defendant Schoen alternatively seeks dismissal asserting qualified immunity in his individual capacity based on the failure to allege Schoen's unlawful conduct and on the unsettled question of whether public agency officials are subject to individual liability. *See Modica v. Taylor*, 465 F.3d 174, 188 (5th Cir. 2006). Schoen concludes with additional analysis showing the amended complaint fails to plead facts to support the conclusion that "RCPD's actions constitute a violation of the FMLA." ECF# 12, p. 8.

Before looking closer at the governing law on these alternative arguments, the court takes up Schoen's last argument first in order to determine what the plaintiff is making as his FMLA's allegations. As shown below, the plaintiff's amended complaint alleges a FMLA claim in undeniably vague and cursory terms:

8.  In November of 2016, Luke had requested Family and Medical Leave Act ("FMLA") leave due to wife attempting suicide. He was notified that his FMLA was changed to administrative leave sometime during the commencement of his FMLA leave.

9.  Luke was put on administrative leave for allegedly "threatening" a "friend" of his, Sarah Hagerty. Luke denied and continues to deny making the statement, and any statements made by Luke at the time were not intended to be threatening. Luke was simply having a friend-to-friend conversation.

10.  A termination hearing was held and Luke was terminated on or about November 17, 2016, for being "too mentally unstable to do the job" despite a lack of evidence supporting the charges against him.

11. After revealing his transgender status, Luke was scrutinized and subject to discipline that was more severe than his co-workers and his performance evaluation started to go down.

12.  Schoen exercises exclusive control over the employees of the RCPD. His duties include, among other things, hiring RCPD employees, implementing training programs for RCPD employees, supervising RCPD employees, disciplining RCPD employees, and terminating RCPD employees.

. . . .

14. Schoen also discriminated against Luke directly through the investigation of and subsequent decision to terminate Luke.

15. Luke disputes the reasons given for his termination by Schoen and the RCPD and believes that they are pretext for discrimination on the basis of sex or disability. All of the discriminatory treatment began shortly after disclosing he was transgender and his intention to begin the transition process.

. . . .

Count III
Family and Medical Leave Act

22. Luke realleges and incorporates here the allegations contained in paragraphs 1 through 21 above.

23.  RCPD's actions constitute a violation of the FMLA and entitle Luke to damages for his lost wages and benefits, as well as liquidated damages and attorney's fees.

ECF# 7, pp. 2-4. Besides not identifying which FMLA provisions allegedly have been violated, the amended complaint lacks specific factual allegations as to what are being claimed as the employer's actions constituting FMLA violations. The only alleged employer conduct directly implicating the FMLA is the changing of

Luke's FMLA leave to administrative leave. The complaint, however, fails to allege circumstances showing how this action constitutes a violation of the FMLA.[1] In his response to the motion to dismiss, the plaintiff construes his complaint to allege that the employer terminated his FMLA leave. ECF# 16, p. 13. But the defendant rightly observes, the plaintiff's amended complaint does not include this allegation. Instead, it asserts only that the plaintiff was put on administrative leave for threatening a person. ECF# 17, p. 4. The plaintiff also construes the amended complaint to allege the termination was discriminatory or retaliatory for having requested FMLA leave. ECF# 16, p. 13. Again, the defendant is correct that the complaint does not allege a discriminatory or retaliatory termination under the FMLA. ECF# 17, p. 4. If the plaintiff intends to make such claims, then the complaint needs to allege the same. The court cannot fulfill its duty under Rule 12(b)(6) when a complaint mentions only general employment actions without alleging what the employer did to act unlawfully. A vague and conclusory reference to "RCPD's actions" as violating the FMLA does not state a claim. The court shall grant the defendant's motion to dismiss the FMLA claim on 12(b)(6) grounds but on the condition that the plaintiff shall have 20 days to file an amended complaint curing these pleading deficiencies.

---

[1] "To establish an FMLA interference claim, an employee must show that (1) he was entitled to FMLA leave, (2) an adverse action by his employer interfered with his right to take FMLA leave, and (3) this adverse action was related to the exercise or attempted exercise of the employee's FMLA rights." *DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 978 (10th Cir. 2017) (internal quotation marks and citation omitted).

6

The FMLA "entitles an employee to take up to 12 work weeks of unpaid leave per year for . . . (C) the care of a spouse . . . with a serious medical condition." *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 33 (2012) (citing 26 U.S.C. § 2612(a)(1)). The FMLA provides that "any eligible employee who takes leave under § 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave—. . . to be restored" to the same or equivalent employment. 26 U.S.C. § 2614(a). The FMLA makes it "(1) . . . unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a). The FMLA creates a private right of action for any eligible employee to sue any employer who violates § 2615 and seek both equitable relief and money damages. 26 U.S.C. § 2617. Because the plaintiff's amended complaint is deficient in alleging a FMLA claim under these provisions, the court will dismiss the plaintiff's individual capacity claim on the condition that the plaintiff may file an amended complaint curing these deficiencies. If no amended complaint is timely filed, the claim is dismissed.

On the issue of whether the defendant Schoen in his individual capacity meets the definition of employer under the FMLA, the court's analysis must begin with the statutory definition:

> (4) Employer
> (A) In general
> The term "employer"--
>> (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;

(ii) includes--
>
>>(I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and
>>
>>(II) any successor in interest of an employer;
>
>(iii) includes any "public agency", as defined in section 203(x) of this title; and
>
>(iv) includes the Government Accountability Office and the Library of Congress.
>
>(B) Public agency
>
>For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

29 U.S.C. § 2611(4). Section 203(x) is part of the Fair Labor Standards Act, and it provides:

>(x) "Public agency" means the Government of the United States; the government of a State or political subdivision thereof; any agency of the United States (including the United States Postal Service and Postal Regulatory Commission), a State, or a political subdivision of a State; or any interstate governmental agency.

29 U.S.C. § 203(x). Simply stated, the issue is whether the individual liability provision in (4)(A)(ii) applies only to the private sector employer definition in (i) or whether it applies also to the public agency definitions in (iii) and (iv). The clarity of the above wording and punctuation certainly is lacking and yields some interesting arguments for differing interpretations. Even so, this court is most persuaded by the simple wording of (4)(A)(ii) which shows its operation is dependent on another definition of "employer" and which lacks any plain terms that limit or restrict its application to the private sector definition of "employer." Absent some plain language to justify giving "employer" in (ii) a meaning other than that directly expressed by the entirety of (4)(A) and its subparts, the court

will follow the approach taken by more circuit courts and district courts and recognize FMLA individual liability for public agency officials.

The parties have correctly briefed that the courts are divided and that the Tenth Circuit has not decided whether the FMLA's individual liability provision extends to public agencies. The court does not intend this order to add anything new to the already crowded field of judicial analysis on this issue. But, the parties should know that the court has read and weighed all of the circuit court decisions and many of the federal district court opinions in this circuit and elsewhere which have addressed this issue. This includes the following decisions finding no individual public official liability. *See Wascura v. Carver*, 169 F.3d 683 (11th Cir. 1999) (Because the FMLA's definition of employer is "materially identical with" the FLSA's, the court summarily applied its precedent of a public official sued in his individual capacity being not liable under FLSA to the FMLA); *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003), *cert. denied*, 542 U.S. 937 (2004)(The panel gave three factors favoring its conclusion that the individual liability provision does not apply to public agency employers); *Arbogast v. Kansas*, 2014 WL 1304939, at *4 (D. Kan. Mar. 31, 2014) (The court found the Sixth Circuit's textual interpretation and factors to be "particularly persuasive."). The court's consideration included those decisions interpreting the above statute as recognizing individual public official liability. *See Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002)("We see no reason to distinguish employers in the public sector from those in the private sector."); *Modica v. Taylor*, 465 F.3d 174, 183-87 (5th Cir. 2006)("Congress's use of the word 'and' following clause (iii)

suggests that there is some relationship between clauses (i)—(iv)."); *Haybarger v. Lawrence County Adult Probation and Parole*, 667 F.3d 408, 415, 417 (3rd Cir. 2012) ( "Finally, we agree with the Fifth Circuit's reasoning that the FMLA's similarity to the FLSA indicates that Congress intended for courts to treat the FMLA the same as the FLSA, rather than treating only specific provisions alike."); *Cordova v. New Mexico*, ---F. Supp. 3d---, 2017 WL 4480748 (D.N.M. Oct. 6, 2017) ("[T]he majority of district courts within the Tenth Circuit that have considered this issue have concluded that the FMLA allows for the individual liability of supervisory public employees." (citations omitted); *Hibben v. Oklahoma ex. rel. Dept. of Veterans Affairs*, 2017 WL 1239146 at *6 (N.D. Okla. Mar. 31, 2017); *Salemi v. Colorado Public Employees' Retirement Association*, 176 F. Supp. 3d 1132, 1154-55 (D. Colo. 2016); *Washington-Walker v. U. of Oklahoma Bd. of Regents*, 2016 WL 1453053 at *3 (W.D. Okla. Apr. 13, 2016), *appeal dismissed* (July 14, 2016) ("[D]istrict courts in Oklahoma have followed the Third, Fifth, and Eighth Circuits and held that individual public employees can satisfy the definition of "employer" in the FMLA. . . . This Court agrees with the reasoning of these Oklahoma district courts . . . ."). The court also extended its consideration to other decisions as well. *See*, *e.g.*, *Corbett v. Richmond Metropolitan Transportation Authority*, 203 F. Supp. 3d 699, 708-09 (E.D. Va. 2016) ("The most straightforward reading of the text of § 2611(4)(A) compels the conclusion that the individual liability provision and public agency provision should be read in tandem, allowing individual liability for public officials."); *Dennard v. Towson U.*, 62 F. Supp. 3d 446, 453-55 (D. Md. 2014) ("Such a

reading also subjects public supervisors to liability under the FLSA, but not the FMLA, based purely on the former's single-sentence definition in contrast to the latter's separate subsections. Moreover, a plain textual reading of § 2611(4)(A) supports this conclusion" that public supervisors are liable under the FMLA.); *Wanamaker v. Westport Bd. of Educ.*, 899 F. Supp. 2d 193, 201 (D. Conn. 2012) ("Thus, this statute becomes recursive when applied to supervisory personnel, because the definition of employer refers back to the word employer itself and 4(A)(ii)(I) supervisors who work for 4(A)(iii) public agency employers are clearly intended to be treated as employers themselves." (internal quotation marks and citation omitted)). In sum, the court is convinced the interpretation followed by a majority of the courts is more consistent with a straightforward reading of § 2611(4)(A)'s plain terms. Thus, the court holds that the FMLA allows for suits against public officials in their individual capacity.

The defendant Schoen's final argument is that he is entitled to qualified immunity in his individual capacity, because individual public official liability has not been decided by the Tenth Circuit and is not otherwise clearly established.  ECF#12, p. 8. Schoen relies principally on the Fifth Circuit's decision in *Modica* which recognized individual public official liability but held that this law was "not clearly established in 2003 when these events" allegedly occurred. 465 F.3d at 188. Luke cites *Gray v. Baker*, 399 F.3d 1241, 1244 (10th Cir. 2005), in which two public officials argued, "it was not clearly established statutory law that they could be sued under the FMLA as individuals, and thus they are entitled

to qualified immunity from that claim." (internal quotation marks and citations

omitted). The Tenth Circuit held in part:

> [W]e are not persuaded the defense asserted by Baker and Nero to Gray's FMLA claim can legitimately be characterized as a claim of qualified or "good faith" immunity. Qualified immunity is a judicially-created defense that shields public officials from civil liability based on having acted in good faith in the exercise of their duties. *See generally Harlow v. Fitzgerald*, 457 U.S. 800, 815–19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Here, in contrast, the defense asserted by Baker and Nero does not hinge on their having acted in good faith in their dealings with Gray. In other words, Baker and Nero are not claiming, and indeed cannot claim given the clear requirements of the FMLA, they were unaware that a particular course of conduct would be violative of the FMLA. Instead, Baker and Nero are claiming they cannot be sued at all given their legal interpretation of the statutory term "employer," as defined by the FMLA. At bottom, the question of whether the defendants are subject to individual liability under the FMLA is one of statutory construction that had no bearing on the decisions defendants made with respect to Gray.
>
> . . . .
>
> . . . Unlike *Wascura*, defendants have never asserted a true qualified immunity defense to the FMLA claims asserted against them, i.e., they have never asserted that they should be shielded from liability because they acted in good faith in interpreting and applying the FMLA to plaintiff Gray's situation. Thus, we cannot, as the Eleventh Circuit did in *Wascura*, utilize the existence of a qualified immunity issue in order to exercise interlocutory appellate jurisdiction and then reach the statutory "employer" issue.

*Gray v. Baker*, 399 F.3d at 1245-46. While the ultimate issue in *Gray* was

whether the Tenth Circuit could exercise interlocutory jurisdiction, the above-

quoted statements are instructive and revealing of the Tenth Circuit's approach

toward the very qualified immunity argument made here. "In accordance with

*Gray*, the Court finds that Defendants' argument that they do not have individual

liability under the FMLA cannot legitimately be characterized as a claim of

qualified or good faith immunity." *Radeker v. Elbert County Board of*

*Commissioners*, 2016 WL 1586391, at *3 (D. Colo. Apr. 19, 2016) (internal

quotation marks and citation omitted); *see Hibben v. Oklahoma ex rel. Dept. of Veterans Affairs*, 2017 WL 1239146, at *6-7 (N.D. Okla. Mar. 31, 2017) (quoting in part, *Bonzani v Shinsek*, 2013 WL 5486808, at *15 (E.D. Cal. Sept. 30, 2013), "'The qualified immunity analysis focuses on whether the right the public official violated is clearly established, not whether it is clearly established that an individual liability attaches. See *Pearson* [*v. Callahan*,] 555 U.S. [223] at 232 (2009) ("The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."'")). This court agrees with the above district courts and their reliance on *Gray* to reject a qualified immunity argument based on the unsettled question raised by the statutory definition of "employer."  On the other hand, the court believes Schoen rightly challenges the Luke's failure to allege how Schoen has violated the FMLA. Absent curative allegations in an amended complaint, this claim is subject to dismissal.

IT IS THEREFORE ORDERED that the defendant Schoen's motion to dismiss all claims alleged against him in his individual capacity, (ECF# 11) is granted as to count one--Title VII of the Civil Rights Act and count two— Americans with Disabilities Act, and is granted on count three-FMLA on the condition that the plaintiff shall have 20 days to file an amended complaint curing the pleading deficiencies discussed above, and if no amended complaint is timely filed, then the FMLA claim is dismissed.

Dated this 17th day of January, 2018, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge